**In the Matter of Gene MARTIN.**

United States Bankruptcy Court,
N. D. Georgia.

Feb. 12, 1982.

See also, 18 B.R. 26.

ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Pursuant to order of this court dated December 4, 1981, directing Mr. Gene Martin on the 11th day of January, 1982, to show cause to this court why he should not be enjoined from accepting fees from distressed debtors for the purpose of originating and filing bankruptcy cases in this United States Bankruptcy Court, and advising debtors on how to prevent foreclosure on residences by the filing of petitions under Chapter 13 of the Bankruptcy Code assisting debtors in the preparation of Chapter 13 petitions and motions, preparing petitions, schedules and motions for filing in this court, and otherwise representing debtors with respect to petitions and proceedings filed in this court.

On January 11, 1982, Mr. Gene Martin under oath stated that he had been served a copy of the order of December 4, 1981, with respect to the findings of fact and conclusions of law concerning his business relationship to Mr. Theodore T. Lowe, and that Mr. Martin was appearing in response to that order. Mr. Martin admitted that the facts recited in the order dated December 4, 1981 concerning his relationship with debtors and with Mr. Lowe were correct. But Mr. Martin argued that such advices and actions did not constitute the practice of law and that his relationship with Mr. Lowe and with debtors in this court were legitimate business practice and should be permitted by this court.

WHEREFORE, this court finds that the actions of Mr. Martin outlined above and in the findings in the order of December 4, 1981 do constitute the practice of law in this court. Mr. Martin has no legal training or schooling and is not authorized to practice law under the laws of the State of Georgia and in this court. The actions of Mr. Martin have been detrimental to the debtors and debtors' creditors in this court with whom he has been connected. He is a

burden and a threat to the public in respect to the possible continuation of such actions in this court.

WHEREFORE, Gene Martin is hereby restrained, stayed and enjoined from accepting fees from distressed debtors for the purpose of originating and filing bankruptcy cases in this United States Bankruptcy Court, and advising debtors on how to prevent foreclosure on residences by the filing of petitions under Chapter 13 of the Bankruptcy Code assisting debtors in the preparation of Chapter 13 petitions and motions, preparing and advising debtors in the preparation of petitions, schedules and motions for filing in this court, signing debtors' names to petitions and motions to be filed in this court, signing the names of attorneys on papers to be filed in this court, filing such bankruptcy petitions and motions in the Clerk's office of this court, making payments for debtors' filing fees to the Clerk of this court, accompanying debtors to the premises of this court for the purpose of advising and filing petitions for such debtors in this court, accompanying the debtors to hearings in this court with respect to such debtors' cases, accepting fees for such services, sharing such fees paid to him by debtors with attorneys who represent such debtors in hearings in this court without disclosure of the sharing of fees, and otherwise representing debtors with respect to petitions and proceedings filed in this court.

The court directs the Clerk's Office to ensure that this order is enforced in the court facilities of this court.

The court has cautioned Mr. Martin that the order will be enforced by this court and that any disagreement with the orders of this court should be made by timely and proper appeal to the appellate courts.