**In Matters Regarding Gene MARTIN.**

**Bankruptcy Nos. 83–00044A, 83–00433A, 83–01606A, 83–02612A, 83–03010A, 83–03013A, 83–03055A, 83–02565A, 83–02639A, 83–02582A, 82–05798A, 82–05771A, 83–00014A, 83–02578A, 83–02574A, 83–02580A, 83–02585A, 83–02844A, 83–02631A and 83–03073A.**

United States Bankruptcy Court, N.D. Georgia.

May 21, 1984.

Gene Martin, Pro se.

J. Sam Plowden, trustee.

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

## I. JURISDICTION

1.

This court finds that the Respondent in the above-named cases, Gene Martin, was duly and properly served with process in each of the above named cases, and that he is subject to the jurisdiction of this court.

## II. FINDINGS OF FACT

In consideration of the testimony presented by the Chapter 13 trustee and the debtors in the above-named cases at a combined hearing held September 15, 1983, at which Gene Martin attended and heard all the testimony, was permitted to cross-examine the witnesses, and in consideration of the documents and other matters made a part of the record of these cases, this court finds:

2.

In case number 83–00044A, Warren Johnson, debtor, it is found that Mr. Gene Martin, the respondent in this proceeding in these cases, (hereinafter called "Martin"), prepared the petition for the debtor, or arranged for its preparation under his supervision and employ by aides of Martin, made certain explanations to the debtor of the bankruptcy laws, for which the debtor paid $300.00 for these services. This court finds these actions to be in violation of one or more of the provisions of its Order of February 2, 1982, in the proceeding styled *"In the Matter of Martin"*, 18 B.R. 28, (West Pub Co.) (hereinafter called this court's "Prior Martin Order"). This court further finds these actions by Martin to be and constitute the rendition of legal services and the unauthorized practice of law in violation of § 15–19–51 OCGA.

3.

In case number 83–00433A, Edwina Ware, debtor, it is found that Martin helped the debtor with the preparation of the petition. The court finds the testimony regarding Martin's unauthorized practice of law in violation of § 15–19–51 OCGA to be inconclusive. However, the court does find Martin to have violated this court's Prior Martin Order which prohibits Martin to assist debtors in the filing and preparation of bankruptcy cases in this court for compensation.

4.

In case number 83–01606A, Gwendolyn Clark, debtor, it is found that Martin prepared the debtor's petition, or had it prepared, and made certain explanations to the debtor of the bankruptcy laws for which the debtor paid at least $300.00 for these services. This court finds these actions by Martin to be in violation of this court's Prior Martin Order which prohibits Martin to assist debtors in the preparation and filing of bankruptcy cases in this court for compensation and to constitute the unauthorized practice of law in violation of § 15–19–51 OCGA.

**5.**

In case number 83–02612A, Willie Fannin, Jr., debtor, it is found that Martin advised the debtor to file a petition under Chapter 13, and prepared the petition for the debtor, or caused it to be prepared by aides under his supervision and employ, even though the debtor expressly stated to Martin that the debtor did not wish to file a bankruptcy case. The court finds that Martin advised the debtor and made certain explanations of the bankruptcy laws and about foreclosure of real estate under Georgia law, and that he was paid $300.00 by or on behalf of the debtor for these services. This court finds Martin's said actions to be in violation of this court's Prior Martin Order which prohibits Martin to assist debtors in the preparation and filing of bankruptcy cases in this court for compensation, and to constitute the rendition of legal services and the unauthorized practice of law in violation of § 15–19–51 OCGA.

**6.**

In case number 83–03010A, Rance P.L. Allman, debtor, it is found that Martin prepared the debtor's petition, or had it prepared by aides in his employ under his supervision, and made certain explanation of the bankruptcy laws to the debtor, and for which the debtor paid at least $300.00 for these services. This court finds Martin's said actions to be in violation of this court's Prior Martin Order, and to constitute the rendition of legal services and the unauthorized practice of law in violation of § 15–19–51 OCGA.

**7.**

In case number 83–03013A, Allen A. Brown, debtor, it is found that Martin prepared the debtor's petition, or had it prepared by aides in his employ under his supervision, and made certain explanation of the bankruptcy laws to the debtor, and for which the debtor paid at least $300.00 for these services. This court finds Martin's said actions to be in violation of this court's Prior Martin Order, and to constitute the rendition of legal services and the unauthorized practice of law in violation of § 15–19–51 OCGA.

**8.**

In case number 83–03055A, Virginia P. Battle, debtor, it is found that Martin prepared the debtor's petition, or had it prepared by aides in his employ under his supervision, and made certain explanations of the bankruptcy laws to the debtor, charged the debtor a fee for a search of the title to a parcel of land owned by the debtor, and the debtor paid at least $300.00 for these services. This court finds Martin's said actions to be in violation of one or more provisions of this court's Prior Martin Order, and to constitute the rendition of legal services and the unauthorized practice of law in violation of § 15–19–51 OCGA.

**9.**

In case number 83–02565A, Susan Sinkfield, debtor, it is found that Martin prepared the debtor's petition, or had it prepared by aides in his employ under his supervision, caused the debtor to file a false or misleading "pro se" affidavit with the Clerk of this Court, and made certain explanation of the bankruptcy laws to the debtor, and that the debtor paid at least $300.00 for these services. This court finds Martin's said actions to be in violation of this court's Prior Martin Order, and to constitute the rendition of legal services and the unauthorized practice of law in violation of § 15–19–51 OCGA.

**10.**

In case number 83–02639A, Cherlyn Grace, debtor, failed to appear, and no evidence was received by the court. There being no evidence presented by the Chapter 13 trustee in case number 83–02639A, the matter of Cherlyn Grace, the trustee's application in this case is denied.

**11.**

In case number 83–02582A, John Grigsby, debtor, it is found that Martin prepared the debtor's petition, or had it prepared by aides in his employ and under his supervision, and made certain explanations of the bankruptcy laws to the debtor, and for

which the debtor paid a fee of at least $200.00 for these services; that the debtor did not pay Martin the full amount of fee which Martin had demanded because the deputy trustee, at the hearing in this matter under § 341, directed the debtor to make no further payments to Mr. Martin without the approval of this court. The deputy trustee's action is specifically adopted, and the debtor is hereby ordered and enjoined to make no further payment to Martin and Martin is hereby enjoined from any attempts or contacts whatsoever to collect any further sums from the debtor for such bankruptcy services. This court finds Martin's said actions to be in violation of this court's Prior Martin Order, and to constitute the rendition of legal services and the unauthorized practice of law in violation of § 15–19–51 OCGA.

12.

In case number 82–05798A, Henry T. Hamler, debtor, it is found that the testimony regarding Martin's actions in respect to the preparation and filing of the Title 11 U.S.C. petition and the amounts he was paid by debtor for such services is inconclusive. The trustee's application in this case is denied.

13.

In case number 82–05771A, Norma B. Mitchell, debtor, it is found that Martin prepared the debtor's petition, or had it prepared by aides in his employ and under his supervision, that the debtor did not know about Chapter 13 under the bankruptcy law until Martin explained it to her, that Martin made certain explanations of the bankruptcy laws to the debtor, and that the debtor paid at least $150.00 for the said services. This court finds Martin's actions to be in violation of this court's Prior Martin Order, and to constitute the rendition of legal services and the unauthorized practice of law in violation of § 15–19–51 OCGA.

14.

In case number 83–00014A, the debtor Roy N. Ogletree failed to appear, and no evidence was received by the court. There being no evidence presented by the trustee in case number 83–00014A, the matter of Roy N. Ogletree, the trustee's application in this case is denied.

15.

In case number 83–02578A, Mayda E. Haygood, debtor, it is found that Martin prepared the debtor's petition, or had it prepared by aides in his employ and under his supervision, that Martin made certain explanations of the bankruptcy laws to the debtor, and that the debtor paid at least $50.00 for said services. The debtor's refusal to pay further sums to Martin is approved, and the debtor is hereby ordered and enjoined to pay no further sums to Martin, and Martin is enjoined from any attempts or contacts whatsoever to collect any further sums from the debtor. This court finds Martin's said actions to be in violation of this court's Prior Martin Order, and to constitute the rendition of legal services and the unauthorized practice of law in violation of § 15–19–51 OCGA.

16.

In case number 83–02574A, the debtor Leonard Rowe failed to appear, and no evidence was received by the court. There being no evidence presented by the trustee in case number 83–02574A, the matter of Leonard Rowe, the trustee's application is denied.

17.

In case number 83–02580A, Joann B. Duffey, debtor, it is found that Martin prepared the debtor's petition, or had it prepared by aides in his employ and under his supervision, that he prepared, or caused to be prepared a deed to a house and lot owned by the debtor, the debtor's husband, or both of them, and as a reason therefor Martin explained to the debtor that since her husband had previously filed a Chapter 13 case, and was in Martin's opinion not eligible to file another petition, that it would be necessary to transfer the real estate from the debtor's husband to the debtor in this case, and that the debtor paid at least $335.00 for all the said services. That Martin's said actions constitute violations of one or more provisions of this

court's Prior Martin Order, that Martin's actions constitute an attempt to commit or cause the commission of a fraud upon this court and the debtor's creditors, and that Martin's said actions constitute the rendition of legal services and the unauthorized practice of law in violation of § 15-19-51 O.C.G.A.

18.

In case number 83-02585A, Willie J. Bibbs, debtor, it is found that Martin prepared the debtor's petition, or had it prepared by aides under his supervision or employ, that Martin made certain explanations of the bankruptcy laws, that he caused the debtor to file a false "pro se" affidavit with the Clerk of this court, and that the debtor paid at least $50.00 for the said services, and that he has attempted to charge the debtor an additional $300.00 for the said services. This court restrains and enjoins Martin from any efforts to collect any further monies from the debtor, and the debtor is restrained and enjoined from making any additional payments to Martin or any person or entity on behalf of Martin. This court finds Martin's actions to be in violation of this court's Prior Martin Order, and to constitute the rendition of legal services and the unauthorized practice of law in violation of § 15-19-51 OCGA.

19.

In case number 83-02844A, debtor, Patricia Smith failed to appear and no evidence was received by the court. There being no evidence presented by the trustee in case number 83-02844A, the trustee's application is denied.

20.

In case number 83-02631A, Manuel Milam, debtor, it is found that Martin prepared the debtor's petition, or had it prepared by aides supervised and employed by Martin, that he made certain explanations of the bankruptcy laws, that he charged the debtor a fee for a search of the title to certain real estate owned by the debtor, and that the debtor paid at least $285.00 for the said services. This court finds Martin's said actions to be in violation of this court's Prior Martin Order, and to consti-

tute the rendition of legal services and the unauthorized practice of law in violation of § 15-19-51 OCGA.

21.

In case number 83-03073A, Mildred Faust, debtor, it is found that Martin charged the debtor a fee for the transfer of certain real estate from the debtor's husband to the debtor, so that the debtor could file this petition; that Martin made certain explanations to the debtor of the bankruptcy laws and of the law relating to the foreclosure of real property; that he has attempted to commit, or cause the debtor to commit a fraud upon this court and the debtor's creditors in that Martin caused the debtor to file a false "pro se" affidavit with the Clerk of this court; that the debtor has paid Martin $150.00 for such services, and that Martin has attempted to charge the debtor an additional $150.00 for the said services. This court restrains and enjoins Martin from any attempts to collect any additional moneys from the debtor, and that the debtor is restrained and enjoined from paying any further money to Martin or to any person or entity on behalf of Martin. This court further finds that Martin has violated this court's Prior Martin Order, and that his said actions constitute the rendition of legal services and the unauthorized practice of law in violation of § 15-19-51 OCGA.

22.

As at the hearing which preceded the Martin Order of February 2, 1982, Martin admitted that he regularly contacts debtors whose residences are under advertisement for foreclosure, and conducts conferences with such debtors at their homes and or in his offices to offer assistance to save their residences; that he advises them that he can get a court order to enjoin the foreclosure sale and that he explains the supposed benefits of a bankruptcy case; that he gathers information from the debtors, prepares the petitions and shows them how to answer the questions on the schedules and shows them where and how to sign the petition and affidavits; that he sometimes

takes them to the courthouse in his automobile or directs them how to find the courthouse to file the bankruptcy petitions and accepts money for such services. But Martin argues, as he did prior to the February 2, 1982, order, that he is in the business of helping unfortunate debtors, and has a right to do so, and is not rendering legal services or practicing law.

23.

This court further finds that Martin's actions in the cases referred to herein constitute such a pattern of conduct as to constitute the knowing, intentional, premeditated, and willful violation of this court's Martin Order of February 2, 1982, and a conscious and callous disregard thereof. As such, the actions constitute a willful contempt of the order of February 2, 1982.

24.

The court finds that additional complaints in other bankruptcy cases of a similar pattern have been brought to the attention of this court, but such are too extensive and timeconsuming to warrant similar hearings and findings.

25.

The court takes judicial notice that this Gene Martin has filed bankruptcy case number 79–02970A on October 1, 1979, and received a Chapter 7 discharge on December 6, 1979. The court recognizes that monetary sanction as punishment for this civil contempt may lead to a failure to pay and a further contempt and a possible order of incarceration and imprisonment. But these offenses of Martin against innocent debtors must cease and his actions warrant severe sanctions by this court. Therefore, Gene Martin shall pay to the Clerk of this United States Bankruptcy Court into the registry of the court the amount of $3,290.00 as restitution to these debtors for the payments made by them to Martin as herein specified. This amount of $3,290.00 shall be paid to the Clerk within 30 days of the entry of this order. The Clerk, upon receipt of said amount, shall remit to each debtor upon the direction of a further order of this court the specific amount herein specified as paid by that debtor to Martin. Furthermore, Gene Martin shall pay to the Clerk of the Bankruptcy Court into the registry of the court and hence to the Treasury of the United States as a fine for contempt of the orders of this court the amount of $100 per each of the cases named above in which Martin is shown to have engaged in the unauthorized practice of law in violation of this court's order of February 2, 1982, i.e., a total of $1,400.00. This amount of $1,400.00 shall be paid to the Clerk within 30 days of the entry of this order.

26.

This order is entered pursuant to the authority of this court under 11 U.S.C. § 105(a) and 28 U.S.C. 1481, and under the inherent judicial powers of a court of record having the powers of a Court of the United States and a judge of the United States.

27.

WHEREFORE, this court further finds the repeated and cumulative evidence of Martin's said actions represent such a course of conduct as to warrant a full investigation of Martin's activities in these and similar matters by the State Bar of Georgia, the United States Attorney for the Northern District of Georgia and the Fulton County District Attorney, and this court specifically finds that these matters should be referred to the State Bar of Georgia, the United States Attorney and the Fulton County District Attorney for further investigation and proceedings to determine what laws may have been violated against these debtors and the bankruptcy laws and what action should be taken.

28.

The order of restraint and stay of February 2, 1982 is continued in full force and effect.